UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH MARY GRANT,<br><br>                    Plaintiff,<br><br>-against-<br><br>VENANGO COUNTY SHERIFFS;<br>VENANGO COUNTY JAIL; SERGEANT<br>WILLIAMS; RAY WHITTAN; ANN<br>GRAFF; RUTH THOMPSON,<br><br>                    Defendants. | 25-CV-2614 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Rose M. Singer Center on Rikers Island, brings this action *pro se*. Plaintiff asserts claims that arose in January 2025, in Oil City, Venango County, Pennsylvania. Plaintiff sues Defendants "Venango County Sheriffs," "Venango County Jail," Sergeant Williams, and individuals who appear to have been her neighbors in Pennsylvania. For the following reasons, this action is transferred to the United States District Court for the Western District of Pennsylvania.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1), based on the residence of defendants, because not all defendants reside in New York. Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that Defendants violated her rights in Oil City, Pennsylvania, which is in Venango County, in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Because the events giving rise to Plaintiff's claims occurred in Venango County, venue is proper, under Section 1391(b)(2), in the Western District of Pennsylvania.

Transfer appears to be appropriate in this case. The underlying events occurred in Venango County, where defendants appear to reside. Accordingly, the Court transfers this action to the United States District Court for the Western District of Pennsylvania. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 31, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge